IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| - versus - | ) | NO. 1:08-CV-0113 |
| | ) | |
| $33,330.00 IN UNITED STATES CURRENCY and TEN PIECES OF JEWELRY VALUED AT $27,750.00, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

COMES NOW TONY KAYODE AYOOLA, Claimant in the above-styled matter, and pursuant to Rule G(5)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, files this, his Answer to the Complaint for Forfeiture filed by the United States of America as follows:

### First Defense

The Complaint for Forfeiture fails to state a claim against Claimant and against Defendants upon which relief can be granted.

### Second Defense

The Defendant property, as well as various items allegedly found inside of Claimant's residence and used in support of the Complaint for Forfeiture (hereafter "Complaint"), are all fruits of an illegal search and seizure.

### Third Defense

Responding to the individually numbered paragraphs of the Complaint, Claimant shows as follows:

1.

Claimant admits the allegations of Paragraph 1 of the Complaint.

2.

Claimant admits the allegations of Paragraph 2 of the Complaint.

3.

Claimant admits the allegations of Paragraph 3 of the Complaint.

4.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and can therefore neither admit nor deny the same.

5.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and can therefore neither admit nor deny the same.

6.

Claimant admits the allegations of Paragraph 6 of the Complaint.

7.

Claimant admits the allegations of Paragraph 7 of the Complaint only to the extent that his live-in girlfriend called 911 on the morning of August 1, 2007.  All other allegations of Paragraph 7 not specifically admitted herein are denied.

8.

Claimant admits the allegations of Paragraph 8 of the Complaint.

9.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint and can therefore neither admit nor deny the same.

10.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and can therefore neither admit nor deny the same.

11.

Claimant admits the allegations of Paragraph 11 only to the extent that there were several guns inside the house.  Any other allegations of Paragraph 11 not specifically admitted herein are denied.

12.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint and can therefore neither admit nor deny the same.

13.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint and can therefore neither admit nor deny the same.  Claimant specifically denies the allegations of Paragraph 13 to the extent that he is alleged to have said anything.

14.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and can therefore neither admit nor deny the same.

15.

Claimant admits the allegations of Paragraph 15 of the Complaint only to the extent that officers attempted to speak with him.  All other allegations of Paragraph 15 not specifically admitted herein are denied.

16.

Claimant denies the allegations of Paragraph 16 of the Complaint.

17.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint and can therefore neither admit nor deny the same.

18.

Claimant denies the allegations of Paragraph 18 of the Complaint to the extent that he is alleged to have had all the windows on the back side of his house covered with black tape.  Claimant is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18 of the Complaint and can therefore neither admit nor deny the same.

19.

Claimant admits the allegations of Paragraph 19 of the Complaint only to the extent that Claimant heard a bullhorn.  Any other allegations of Paragraph 19 not specifically admitted herein are denied.

20.

Claimant admits the allegations of Paragraph 20 of the Complaint.

21.

Claimant admits the allegations of Paragraph 21 of the Complaint.

22.

Claimant denies the allegations of Paragraph 22 of the Complaint.

23.

Claimant denies the allegations of Paragraph 23 of the Complaint.

24.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint and can therefore neither admit nor deny the same.

25.

Claimant denies the allegations of Paragraph 25 of the Complaint.

26.

Claimant admits the allegations of Paragraph 26 of the Complaint to the extent that he had several weapons in his home.  Claimant is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations of Paragraph 26 of the Complaint and can therefore neither admit nor deny the same.

27.

Claimant admits the allegations of Paragraph 27 of the Complaint.

28.

Claimant admits the allegations of Paragraphs 28(a), (b), (d), (e), (f), (g), (h), (i) and (j) of the Complaint to the extent that each paragraph accurately identifies weapons kept by Claimant in his home. Claimant admits allegations of Paragraph 28(c) to the extent that it accurately identifies the Mossberg Model 500 shotgun, but denies that it did not have a serial number. Claimant is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28 of the Complaint can therefore neither admit nor deny the same.

29.

Claimant admits the allegations of Paragraph 29.

30.

Claimant admits the allegations of Paragraph 30 only to the extent that he was arrested and charged with pointing a pistol and terroristic threats. All other allegations of Paragraph 30 not specifically admitted herein are denied.

31.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint and can therefore neither admit nor deny the same.

32.

Claimant admits the allegations of Paragraph 32 of the Complaint.

33.

Claimant denies the allegations of Paragraph 33 of the Complaint.

34.

Claimant admits the allegations of Paragraph 34 of the Complaint only to the extent that the Defendant Currency and Defendant Jewelry were seized from a safe. All other allegations of Paragraph 34 not specifically admitted herein are denied.

35.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint and can therefore neither admit nor deny the same.

36.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint and can therefore neither admit nor deny the same.

37.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint and can therefore neither admit nor deny the same.

38.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint and can therefore neither admit nor deny the same.

39.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39 of the Complaint and can therefore neither admit nor deny the same.

40.

Claimant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations of Paragraph 40 of the Complaint as they relate to what officers may have found. All other allegations of Paragraph 40 of the Complaint are denied.

41.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint and can therefore neither admit nor deny the same.

42.

Claimant admits the allegations of Paragraph 42 of the Complaint only to the extent that the Defendant Currency was seized. All other allegations of Paragraph 42 not specifically admitted herein are denied.

43.

Claimant admits the allegations of Paragraph 43 of the Complaint only to the extent that the Defendant Jewelry was seized.  All other allegations of Paragraph 43 not specifically admitted herein are denied.

44.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint and can therefore neither admit nor deny the same.

45.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint and can therefore neither admit nor deny the same.

46.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint and can therefore neither admit nor deny the same.

47.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of the Complaint and can therefore neither admit nor deny the same.

48.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48 of the Complaint and can therefore neither admit nor deny the same.

49.

Claimant admits the allegations of Paragraph 49 of the Complaint.

50.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50 of the Complaint and can therefore neither admit nor deny the same.

51.

Claimant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint and can therefore neither admit nor deny the same.

52.

Claimant denies the allegations of Paragraph 52 of the Complaint.

## **Fourth Defense:**

53.

Claimant is an innocent owner, as defined under 18 USC §983(d)(2) in that his ownership interest of the Defendant property which is the subject of the Complaint was acquired and existed prior to the alleged occurrence of the illegal conduct giving rise to the forfeiture claim.

54.

Claimant shows that the Defendant currency are the proceeds of a home equity line of credit obtained by Claimant in his own name, as well as the proceeds of an auto repair shop/used car business operated by Claimant, and that such currency was acquired well before any of the conduct alleged by the United States to give rise to the instant forfeiture action occurred.

55.

Claimant further shows that the Defendant jewelry was purchased by Claimant, in part from the proceeds of the home equity line of credit described immediately above, well before any of the conduct alleged by the United States to give rise to the instant forfeiture action occurred.

56.

Claimant further shows that he did not know any of his property was involved in any criminal activity as alleged by the United States.

WHEREFORE, Claimant prays as follows:

(a) That this matter be set down for trial by jury;

(b) That the Complaint for Forfeiture be dismissed, with all costs of this action cast against the Plaintiff;

(c) That the Defendant currency be released and returned to Claimant instanter;

(d) That the Defendant jewelry be released and returned to Claimant instanter;

(e) For such other and further relief as this Court deems equitable and just.

This __7__ day of March, 2008.

                                            /s/ Bruce F. Morriss
                                            Bruce F. Morriss
                                            Georgia Bar No. 525303
                                            Attorney for Claimant

                                            /s/ Daniel Shim
                                            Daniel Shim
                                            Georgia Bar No. 642749
                                            Attorney for Claimant

MORRISS, LOBER & DOBSON, LLC
934 Glenwood Avenue, SE, Suite 150
Atlanta, Georgia  30316
(404) 525-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| - versus - ) | NO. 1:08-CV-0113 |
| ) | |
| $33,330.00 IN UNITED STATES ) | |
| CURRENCY and TEN PIECES OF ) | |
| JEWELRY VALUED AT $27,750.00, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Plaintiff in the above-styled matter with the foregoing Answer by depositing a true and correct copy of the same in the United States Mail, with sufficient postage affixed thereto to ensure delivery, addressed as follows:

> Evan S. Weitz, Esq.
> Assistant U.S. Attorney
> Suite 600
> 75 Spring Street, S.W.
> Atlanta, GA  30303

This __7__ day of March, 2008.

> /s/ Daniel Shim
> Daniel Shim
> Georgia Bar No. 642749
> Attorney for Claimant

MORRISS, LOBER & DOBSON, LLC
934 Glenwood Avenue, SE, Suite 150
Atlanta, Georgia  30316
 (404) 525-8000