```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

UNITED STATES OF AMERICA,        *
                                 *
     Plaintiff,                  *
                                 *   CIVIL ACTION
          v.                     *
                                 *   NO. 1:08-CV-0113-CC
$33,330.00 IN UNITED STATES      *
CURRENCY and TEN PIECES OF       *
JEWELRY VALUED AT $27,750.00,    *
                                 *
     Defendants.                 *
```

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2, NDGa., the parties hereby submit their Preliminary Report and Discovery Plan.

1.   Description of Case:

(a)  Describe briefly the nature of this action:

**This is a civil forfeiture action under 21 U.S.C. § 881(a)(6).**

(b)  Summarize the facts of this case.  The summary should not be argumentative nor recite evidence.

Plaintiff contends as follows:

**On August 1, 2007, agents of the Drug Enforcement Administration ("DEA") seized $33,330.00 in United States currency ("the Defendant Currency") and ten pieces of jewelry valued at $27,750.00 ("the Defendant Jewelry") from Tony Kayode Ayoola ("Ayoola") at 7725 Morant Drive, Jonesboro, Clayton County, Georgia, a place that is within the jurisdiction and venue of this**

Court.   The Defendant Currency and the Defendant Jewelry were seized on the grounds that they were furnished or intended to be furnished in exchange for a controlled substance, that they constitute proceeds traceable to such an exchange, or that they were used or intended to be used to facilitate the sale or exchange of a controlled substance.

Claimant contends as follows:

Claimant acknowledges that the Defendant Currency and the Defendant Jewelry were among a number of property items seized by either the DEA or the Clayton County police department from Claimant's home on the date stated. Claimant asserts that he is the legal owner of the Defendant Currency and the Defendant Jewelry, and denies that the Currency and Jewelry were furnished or intended to be furnished in exchange for any controlled substances or that they constitute or were derived from any proceeds traceable to any such exchange, or that they were used or intended to be used in any way to facilitate the sale or exchange of any controlled substance. Claimant states that the Currency and Jewelry seized are both traceable to legitimate sources.

(C)  Plaintiff contends that the legal issues to be tried are as follows:

2

(1) Whether Claimant has standing to challenge the forfeiture of the Defendant Currency and the Defendant Jewelry;

(2) Whether Claimant can establish that he is an "owner" as defined by 18 U.S.C. §983(d)(6);

(3) Whether Plaintiff can establish by a preponderance of the evidence that the Defendant Currency and the Defendant Jewelry are subject to forfeiture; and

(4) Whether Claimant can establish the "Innocent Owner Defense" by a preponderance of the evidence.

Claimant contends that the legal issues to be tried are as follows:

(1) Whether the Defendant Currency and the Defendant Jewelry are in fact forfeitable;

(2) Whether the Defendant Currency and the Defendant Jewelry was involved or derived from any criminal activity;

(3) Whether Claimant, as the owner of the Defendant Currency and the Defendant Jewelry, committed any of the offenses which are alleged to form the basis of the instant forfeiture action.

(4) Whether Claimant is in fact an Innocent Owner.

(d)   The cases listed below are:

    (1)   Pending Related Cases:   **None.**

    (2)   Previously Adjudicated Related Cases:   **None.**

2.   This case is complex because it possesses one (1) or more of the features listed below (please check):

    ____ (1)   Unusually large number of parties

    ____ (2)   Unusually large number of claims or defenses

    ____ (3)   Factual issues are exceptionally complex

    ____ (4)   Greater than normal volume of evidence

    ____ (5)   Extended discovery period is needed

    ____ (6)   Problems locating or preserving evidence

    ____ (7)   Pending parallel investigations or action by Government

    ____ (8)   Multiple use of experts

    ____ (9)   Need for discovery outside United States boundaries

    ____ (10) Existence of highly technical issues and proof

3.   Counsel:

The following attorneys are designated as lead counsel:

| Plaintiff: | Claimant Tony Kayode Ayoola: |
|---|---|
| Michael J. Brown | Bruce Fielding Morriss |
| Assistant U.S. Attorney | Georgia Bar No.: 525303 |
| Georgia Bar No.: 064437 | Daniel Shim |
| 75 Spring St, S.W., Ste. 600 | Georgia Bar No.: 642749 |
| Atlanta, GA 30303 | Morriss Lober & Dobson, LLC |
| (404)581-6000 - Phone | 934 Glenwood Ave. SE, Ste 150 |
| (404)581-6234 - Fax | Atlanta , GA  30316 |
|  | Phone: (404)525-8000 |

4.   Jurisdiction:  **28 U.S.C. §§ 1345, 1355, and 1395**

Is there any question regarding this Court's jurisdiction?

( ) Yes        **(X) No**

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.   Each objection should be supported by authority.

5.   Parties to this action:

(a)   The following persons are necessary parties who have not been joined:

**All parties have been joined.**

(b)   The following persons are improperly joined as parties:

**No one has been improperly joined.**

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**N/A.**

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a

party's name.

6.   Amendments to the pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.1.

 (a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

  No amendments are anticipated at this time.

 (b)   Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   Filing times for motions:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  Those times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

 (a)   Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

      (b)   Summary Judgment Motions: within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

      (c)   Other Limited Motions:   Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

      (d)   Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**Under Rule 26(a)(1)(B)(ii), "forfeiture action[s] in rem arising from a federal statute" are exempt from Rule 26(a)(1) initial disclosures.**

9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

10.  Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  In the instant action, the answer was filed on March 7, 2008; however, this Court entered an Order on March 25, 2008, i.e., before the beginning of the discovery period, which stayed these proceedings pending the resolution of criminal matters filed against Claimant Ayoola in Clayton County Georgia.  On March 6, 2009, this Court entered an Order reopening the current litigation.  Thus, discovery began on **March 6, 2009,** and will expire on **July 4, 2009.**  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned 4 month discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned as also stamped on the complaint and service copies of the complaint at the time of filing.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

8

**At this point, the parties do not anticipate that additional discovery time will be needed.**

11.  Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Not applicable.**

12.  Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Not applicable.**

13.  Settlement Potential:

(a)  Lead counsel for the parties certify by their signatures below that they participated in settlement discussions via telephone.  Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:  lead counsel (signature)_____

**/s/ Michael J. Brown** _____

For Claimants:  lead counsel (signature)_____

**/s/ Bruce F. Morriss** _____

Other participants:

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    ( )    A possibility of settlement before discovery.

    **( X )**    **A possibility of settlement after discovery.**

    ( )    A possibility of settlement, but a conference with the judge is needed.

    ( )    No possibility of settlement.

(c)   Counsel **do (X)** or do not ( ) intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.

(d)   The following specific problems have created a hindrance to settlement of this case:   **None.**

14.   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2009.

(b)   **The parties (XX) do not consent to having this case tried before a magistrate judge of this court.**

10

Completed form submitted this 14th day of April, 2009.


Counsel for Plaintiff

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

*/s/ Michael J. Brown*
MICHAEL JOHN BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No.: 064437
75 Spring St., S.W., Ste. 600
Atlanta, GA 30303
(404)581-6131 - Phone

Counsel for Claimant Tony Kayode Ayoola:

MORRISS LOBER & DOBSON, LLC

*/s/ Bruce F. Morriss*
BRUCE FIELDING MORRISS
Georgia Bar No.: 525303
DANIEL SHIM
Georgia Bar No.: 642749
934 Glenwood Ave. SE, Ste 150
Atlanta , GA  30316
Phone: (404)525-8000

11

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Upon review of the information contained in the Joint Preliminary Planning Report and Scheduling Order form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified.

IT IS SO ORDERED, this \_\_\_\_\_ day of _____, 2009.

_____
CLARENCE COOPER, Judge
United States District Court