```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

UNITED STATES OF AMERICA,    \*
                             \*
    Plaintiff,              \*
                             \*   CIVIL ACTION
        v.                \*
                             \*   NO. 1:08-CV-0113-CC
$33,330.00 IN UNITED STATES  \*
CURRENCY and TEN PIECES OF   \*
JEWELRY VALUED AT $27,750.00,\*
                             \*
    Defendants.             \*

**PLAINTIFF'S RESPONSE TO CLAIMANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED**

Pursuant to Local Rule 56.1(B)(3), Plaintiff hereby files its response to Claimant's Statement of Material Facts.[1]

1.

Plaintiff objects to Claimant's assertion that Claimant was arrested at 8:20 a.m. on the grounds that it is not supported by Claimant's evidence, that it contradicts other evidence, and that it is not a material fact. Claimant's citation to page 3, lines

---

[1] Claimant's Statement of Material Facts as to Which There Is a Genuine Issue to Be Tried also includes his responses to Plaintiff's Statement of Material Facts. [Doc 51]. The instant response only addresses Claimant's statement of facts, which begin on page 32 of the document. [Doc 51]. Additionally, Claimant's statements that he contends to be material facts are stated as legal questions for the Court rather than as facts in required by Local Rule 51.1(B)(1). Nonetheless, Plaintiff has attempted the respond to Claimant's statements as provided under Local Rule 56.1(B)(3) rather than objecting to each statement on that basis.

10-16 of Officer Davis' deposition contains no sworn testimony. Furthermore, Officer Davis testified that based on his report, he "assume[d Claimant] came out of the house right around, probably, about 8:30," not that Claimant was arrested at 8:20 a.m. [Doc 56, p. 22, lines 7-8 (emphasis added)]. Similarly, in his Answer, Claimant admitted that he was arrested at approximately 10:00 a.m. [Doc 9, ¶¶ 20-21].

2.

Plaintiff admits that Claimant was arrested outside his home.

3.

Plaintiff admits that Claimant has unarmed at the time of his arrest.

4.

Plaintiff objects to Claimant's assertion that "[w]hether Mr. Ayoola voluntarily surrendered at the time of his arrest" is a genuine issue to be tried on the grounds that it is not supported by Claimant's evidence, on the grounds that it is not a material fact, and on the grounds that it is contradicted by other evidence before the Court, including Claimant's sworn deposition testimony. Officer Foster's testimony that Claimant "came out on his own accord" is supported by Claimant's own deposition testimony. [Doc 55, p. 17, lines 7-14]. At his deposition, Claimant testified that he "went outside with his hands up" at his mother's suggestion, not

because the police officers asked or ordered him to come out.  [Doc 31, p. 87, lines 14-25; p. 94, lines 11-16; p. 98, line 17 through p. 99, line 4; p. 101, line 25 through p. 102, line 6].

5.

Plaintiff objects to Claimant's assertion that "[w]hether Mr. Ayoola or Ms. Jones consented to a search of Mr. Ayoola's home" is a genuine issue of material fact to tried on the grounds that it is not a material fact and on the grounds that it is, or calls for, a legal conclusion.  Officer Ballard was not at the scene, and he had no personal knowledge whether or not Claimant or Ms. Jones consented to the search.  [Doc 57, p. 20, lines 15-19; p. 25, lines 4-8].

6.

Plaintiff objects to Claimant's assertion that Clayton County police officers entered and searched Claimant's home before obtaining a search warrant on the grounds that it is not supported by Claimant's evidence.  Officer Foster's deposition transcript at page 17, lines 6-9, and page 18, lines 11-18 contains no testimony concerning searches of the residence.  [Doc 55, p. 17, lines 6-9; p. 18, lines 11-18].  Furthermore, Officer Ballard testified that he did not know whether "a substantial amount of searching was conducted prior to 12:04 p.m. when the search warrant was obtained" because he was not at the scene.  [Doc 55, lines 5-12].  Plaintiff,

however, admits that the officers conducted a protective sweep, i.e., a limited search of the property, immediately after Claimant exited his house.

7.

Plaintiff objects to Claimant's assertion about whether Clayton County police officers were "justified" in conducting a protective sweep of Claimant's residence on the grounds that it is, or calls for, a legal conclusion.

8.

Plaintiff objects to Claimant's assertion about whether items listed on the search warrant inventory were seized before 12:04 p.m. on the grounds Claimant's allegation is unsupported by a citation to any evidence, including page or paragraph number, as required under Local Rule 56.1 B.(1)(a).  Plaintiff, however, admits that those items seized in plain view during the protective sweep, which are listed on the inventory, were seized before 12:04 p.m.

9.

Plaintiff admits that a magistrate judge signed the search warrant for Claimant's residence at 12:04 p.m.

10.

Plaintiff objects to Claimant's assertion about whether the source of the Defendant Currency was a $40,000 home equity line of

credit that Claimant obtained on the grounds that it is not supported by Claimant's evidence and on the grounds that it is contradicted by Claimant's own deposition testimony.  Claimant's deposition transcript at page 37, lines 1-24 contains no testimony concerning the Defendant Currency.  Furthermore, Claimant testified at his deposition that all of the Defendant Currency came from his $40,000 home equity line of credit.  [Doc 31, p. 71, lines 21-25; p. 109, line 24 through p. 110, line 1].

11.

Plaintiff objects to Claimant's assertion about whether the source of the Defendant Jewelry was a combination of Claimant's home equity line of credit, his credit cards, and his business bank account on the grounds that it is not supported by Claimant's evidence.  Claimant testified that he obtained some of the Defendant Jewelry as gifts and that he purchased other items "back as far as 1993."  [Doc 31, p. 73, lines 9-21].  The bank records and other exhibits that Claimant cites in support of his allegation only show transactions back to 2005.  See [Doc 29-4 through Doc 29-12; Doc 29-13 through Doc 29-16; Doc 29-21].  Plaintiff, however, admits that the receipts from Rochell's Diamonds shows that Claimant purchased some of the Defendant Jewelry at that store with funds from the business bank account and with his credit or debit card.

This 23rd day of November, 2009.

Respectfully Submitted,

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

/s/ Michael J. Brown
MICHAEL JOHN BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 064437

600 UNITED STATES COURTHOUSE
75 SPRING STREET, S.W.
ATLANTA, GA  30303
Telephone:  (404) 581-6000
Fax: (404) 581-6181

**CERTIFICATE OF SERVICE**

I hereby certify that I have prepared the foregoing **PLAINTIFF'S RESPONSE TO CLAIMANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED** in compliance with Local Rule 5.1, NDGa., using Courier New 12 point type and have this day electronically filed the document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

>Bruce Morriss
>Daniel Shim

This 23rd day of November, 2009.

>/s/ Michael J. Brown
>MICHAEL JOHN BROWN
>ASSISTANT U.S. ATTORNEY
>Georgia Bar No. 064437